UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY GENE HEGGEM, | Case No. 08-cv-0437-RAJ-JPD |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| DAVID KENNEY, Medical Manager, Monroe Correctional Complex, | |
| Defendant. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Larry Gene Heggem is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. He alleges that while he was incarcerated at the Monroe Correctional Complex, Defendant David Kenney was deliberately indifferent to his medical needs in violation of the Eighth Amendment. Dkt. No. 7. Defendant has filed a motion for summary judgment, Dkt. No. 16, to which Plaintiff has not responded. Pursuant to Local Rule CR 7(b)(2), Plaintiff's failure to respond to Defendant's motion for summary judgment amounts to an admission that the motion has merit. For the reasons discussed below, the Court recommends that Defendant's motion for summary judgment, Dkt. No. 16, be GRANTED and that Plaintiff's complaint and this action be DISMISSED with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

II.     FACTS AND PROCEDURAL HISTORY

Plaintiff was a state inmate at the Monroe Correctional Complex ("MCC") in Monroe, Washington at all times relevant to the instant action.

On February 25, 2008, less than one month prior to Plaintiff filing a proposed complaint in the instant action, Plaintiff filed a § 1983 civil rights action against Sheryl Allbert, a nurse at the MCC and Plaintiff's primary care provider. *See* Case No. 08-cv-0328, Dkt. No. 1. In his complaint against Allbert, Plaintiff alleged that she was deliberately indifferent to his medical needs in violation of the Eighth Amendment by denying him opiate pain medication. *Id.*

Defendant Allbert moved for summary judgment on September 4, 2008, which this Court granted on December 9, 2008. *See* Case No. 08-cv-0328, Dkt. Nos. 41-42. In its Report and Recommendation, the Court noted that it had reviewed Plaintiff's medical records submitted in response to Allbert's motion for summary judgment and found that the records did not establish that Plaintiff should have been given opiate pain medication, that Allbert acted with deliberate indifference toward his medical needs, or that the medical treatment Plaintiff received was medically unacceptable under the circumstances. *See* Case No. 08-cv-0328, Dkt. No. 41.

Plaintiff's instant complaint now names Dr. David Kenney, the Medical Manager at the MCC, as the defendant instead of Allbert. Plaintiff has also added some claims in addition to the claim that he was denied opiate pain medication; specifically, that he was denied anti-anxiety medication, an MRI scan, special shoes, a hernia repair, and an evaluation for Post-Traumatic Stress Disorder. The time periods at issue in the two lawsuits also partially overlap: the Allbert action covered September 4, 2006 to December 20, 2007, and the Kenney action covers May 18, 2007 to May 15, 2008.

In support of his instant complaint, Plaintiff has submitted a number of his medical records, many of which this Court already considered in Plaintiff's Allbert action. Plaintiff

also submits numerous copies of his handwritten prison complaints and health services kites, most of which relate to his chronic pain and refer to Sheryl Allbert, the defendant in Plaintiff's prior action that has since been dismissed. The limited number of Plaintiff's documents that have any apparent connection to Defendant David Kenney relate to Plaintiff's generalized complaints about the MCC and/or Dr. Kenney not providing Plaintiff adequate medical care or pain medication. Plaintiff has not submitted any documents that demonstrate that Dr. Kenney had any direct role in Plaintiff's medical care at the MCC. Plaintiff has also submitted two letters from Dr. Kenney to Plaintiff, the second of which is dated January 10, 2008 and states:

> I am happy to respond to any letter that expresses concern about a new topic but, I will no longer answer any letter dealing with pain control or generalized lack of medical care as these topics have been thoroughly researched a multiple previous occasions. The result of all these investigations showed that you are receiving medically necessary care.

Plaintiff's complaint in the instant action was filed on April 18, 2008. Dkt. No. 4. Plaintiff filed an amended complaint on May 20, 2008. Dkt. No. 7. Defendant Kenney filed a motion to stay proceedings because of the Allbert action on November 6, 2008, Dkt. No. 15, and a motion for summary judgment on January 28, 2009, Dkt. No. 16.

### III.  DISCUSSION

#### A.  Federal Rule of Civil Procedure 56(c)

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "[The rule's] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 256. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Conclusory allegations in pleadings are not evidence, and cannot by themselves create a genuine issue of material fact. *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983). Where a party fails to make a showing sufficient to establish the existence of an essential element of his case on which he bears the burden of proof at trial, all other facts are necessarily rendered immaterial and Rule 56(c) mandates the entry of summary judgment. *Celotex*, 477 U.S. at 322-23.

B. <u>Plaintiff Has Failed to Demonstrate That Dr. Kenney Violated his Rights</u>.

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate medical care. *Id.* In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. This two-part test requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id.* at 834. The first prong, the objective component of an Eighth Amendment claim, is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v.*

1   *Gamble*, 429 U.S. 97, 103 (1976)).  The second prong, the subjective component of an Eighth

2   Amendment claim, has been defined as "deliberate indifference" to an inmate's health or

3   safety.  *Farmer*, 511 U.S. at 834.

4         Here, Plaintiff has failed to meet either prong of the Eighth Amendment test.

5   Regarding the "objective component," Plaintiff makes no showing that Defendant's alleged

6   refusal to provide opiate pain medication, anti-anxiety medication, an MRI scan, special shoes,

7   a hernia repair, and an evaluation for Post-Traumatic Stress Disorder violated contemporary

8   standards of decency.  None of Plaintiff's submitted documents establish that Plaintiff should

9   have been provided such medical treatment during the period in question.  Moreover, even if

10  Plaintiff succeeded in showing that a sound medical basis existed for the provision of such

11  treatment, a mere difference of medical opinion is insufficient to establish an Eighth

12  Amendment violation.  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

13        Regarding the "subjective component," Plaintiff does not show that there is a triable

14  issue of fact regarding whether Defendant acted with "deliberate indifference" towards his

15  medical needs.  Indeed, Plaintiff's voluminous medical records in this action and the Allbert

16  action demonstrate that the medical staff at the MCC was attentive towards Plaintiff's medical

17  needs.  Moreover, the evidence shows that Dr. Kenney personally responded to Plaintiff's

18  complaints and directed multiple investigations to ensure that Plaintiff was receiving adequate

19  medical care at the MCC.  While Plaintiff may disagree with the course of medical treatment

20  he received, he cannot deny that he received treatment.  Plaintiff's evidence also does not show

21  that the treatment he received was "medically unacceptable under the circumstances."  *Id.* at

22  332.  Accordingly, Plaintiff has not satisfied his burden of showing that a genuine issue of

23  material fact exists regarding his Eighth Amendment claim.

24                                         IV.    CONCLUSION

25        For the foregoing reasons, the Court recommends that Defendant's motion for summary

26  judgment, Dkt. No. 16, be GRANTED and Plaintiff's complaint and this action be

1  DISMISSED with prejudice.  Defendant's motion to stay proceedings, Dkt. No. 15, is

2  DENIED as moot.  A proposed Order accompanies this Report and Recommendation.

3      DATED this 28th day of May, 2009.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge